**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Charles Eugene Price, Appellant.

Appellate Case No. 2022-001790

---

Appeal From York County
D. Craig Brown, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-391
Submitted November 1, 2025 – Filed November 26, 2025

---

**AFFIRMED**

---

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General Mark Reynolds Farthing, and Assistant Attorney General Andrew Douglas Powell, all of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

---

**PER CURIAM:** Charles Eugene Price appeals his convictions for incest and second-degree criminal sexual conduct with a minor, and his aggregate sentence of

thirty years' imprisonment. On appeal, Price argues the trial court erred in allowing the State's expert witness to improperly bolster the credibility of the victim's trial testimony. He also avers the trial court erred in admitting evidence of his prior bad acts of sexual and physical abuse in violation of Rule 404(b) of the South Carolina Rules of Evidence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion by allowing the State's expert witness to testify about child sexual abuse dynamics. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion.); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). The State's expert informed the jury that he had no factual knowledge of the case before testifying about broad concepts within child sexual abuse dynamics, and he did not convey an opinion on the victim's credibility. Therefore, we hold his testimony was admissible because it did not improperly bolster the victim's testimony. *See Chappell v. State*, 429 S.C. 68, 77, 837 S.E.2d 496, 501 (Ct. App. 2019) ("[T]he testimony of an independent expert, like the testimony of any witness, is improper bolstering if (1) the witness directly states an opinion about the victim's credibility, (2) the sole purpose of the testimony is to convey the witness's opinion about the victim's credibility, or (3) there is no way to interpret the testimony other than to mean the witness believes the victim is telling the truth."); *id.* at 77, 837 S.E.2d at 500 ("[A]n independent expert does not improperly bolster the victim's credibility by testifying to only general behavioral characteristics of child sexual abuse victims.").

2. We hold the trial court did not abuse its discretion in allowing evidence of Price's prior bad acts of sexual abuse. *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). The trial court allowed the victim to provide a broad chronological history of Price's escalating acts of grooming behavior and describe his general course of conduct during daily instances of sexual abuse, which were ongoing at the time of the charged offenses. We hold this evidence was admissible to show Price's motive and intent to commit the charged offenses, and a common plan or scheme. *See State v. Stokes*, 381 S.C. 390, 404, 673 S.E.2d 434, 441 (2009) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith; however, such evidence may be admissible 'to show motive, **identity**, the existence

of a common scheme or plan, the absence of mistake or accident, or intent.'" (quoting Rule 404(b), SCRE)); *id.* ("The evidence admitted 'must logically relate to the crime with which the defendant has been charged.'" (quoting *State v. Beck*, 342 S.C. 129, 135, 536 S.E.2d 679, 682-83 (2000))); *State v. Dinkins*, 435 S.C. 541, 555, 868 S.E.2d 181, 188 (Ct. App. 2021) (holding that prior instances of the defendant's "repeated inappropriate conduct" towards the victim over a three-year period were admissible as evidence of "motive and intent" under Rule 404(b) because the prior conduct was "probative as to a pattern of grooming"); *id.* at 556, 868 S.E.2d at 188 (finding "[t]he charged and uncharged acts . . . [were] logically connected within the pattern of grooming, which included an escalation of the conduct towards [the same] child"); *State v. Kirton*, 381 S.C. 7, 31, 671 S.E.2d 107, 119 (Ct. App. 2008) ("[W]here there is a pattern of continuous conduct shown, that pattern clearly supports the inference of the existence of a common scheme or plan, thus bolstering the probability that the charged act occurred in a similar fashion."); *State v. Clasby*, 385 S.C. 148, 156-57, 682 S.E.2d 892, 896 (2009) (holding "prior incidents of sexual misconduct by Clasby [that] reveal[ed] the same illicit conduct . . . prior to the . . . indicted offenses" demonstrated a pattern that comprised evidence of a common plan or scheme); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

3.  We hold the trial court did not abuse its discretion in allowing evidence of Price's prior bad acts of physical abuse.  *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Stokes*, 381 S.C. at 404, 673 S.E.2d at 441 (stating evidence of the defendant's other acts is inadmissible to show only that the defendant had a propensity to commit the charged offense); *State v. Galloway*, 443 S.C. 229, 235, 244-45, 904 S.E.2d 866, 869, 874-75 (2024) (explaining evidence of the defendant's prior violent acts was admissible when it was "offered for the proper purpose of explaining the victim's delayed disclosure" and did not "directly demonstrate[]" that the defendant was likely to commit the charged offense of criminal sexual conduct with a minor).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.